MORRIS MAY, Respondent, *v.* HETTRICK BROTHERS COMPANY, Appellant.

First Department, April 21, 1922.

Partnership — agreement creating joint adventure — action to compel defendant to account for profits made on contract wrongfully taken from plaintiff's assignor — proper basis for recovery.

Defendant had contracted with plaintiff's assignor to manufacture tents which said assignor was to sell to the Serbian government. Defendant was to make the tents for one dollar and seventy-four cents each and the assignor was to receive two dollars each. Defendant wrongfully sold the tents directly to the Serbian government, but the tents which he sold cost to make one and six-tenths cents each more than those he was to furnish the assignor. Defendant was obliged also to pay the freight and insurance in order to get his pay for the tents although he was not obligated to do it under his contract. In an action for an accounting, *held*, that plaintiff is entitled to recover the difference between what defendant received for the tents and their cost to him, fixed at one dollar and seventy-four cents plus one and six-tenths cents or one dollar seventy-five and six-tenths cents each, less the amount which the defendant paid out for freight and insurance.

APPEAL by the defendant, Hettrick Brothers Company, from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 31st day of January, 1921, upon the report of a referee appointed to take and state an account.

*Alvin M. Higgins* [*Gilbert E. Roe* of counsel; *Ira C. Taber* and *John E. Daniells* with him on the brief], for the appellant.

*Rose & Paskus* [*Benjamin G. Paskus* of counsel; *John E. Tracy* and *Sylvan Gotshal* with him on the brief], for the respondent.

GREENBAUM, J.:

The action was brought by plaintiff as assignee of the A. B. Kirschbaum Company for an accounting of the profits realized by the defendant upon a certain contract which it 'made *mala fide* with one Panagoulopoulos, purchasing agent of the Serbian government. The facts out of which this controversy arose are fully detailed in an opinion of this court affirming the interlocutory judgment entered against the defendant (181 App. Div. 3).

The questions involved upon this appeal are, whether the conclusions of the referee were justified by the proofs and were in accordance with the rule set forth in the interlocutory judgment.

When the defendant entered into the agreement with the agent of the Serbian government for the manufacture of the tents in question, plaintiff's assignor (hereafter to be described as " assignor ") had reached an understanding with the defendant that the tents would be furnished to the assignor at the rate of one dollar and seventy-four cents per tent. The price at which the assignor had agreed to furnish the tents to the Serbian government was two dollars per tent. Had these contracts been consummated and carried into effect the profits to the assignor would have been twenty-six cents per tent, to wit, the difference between the amount per tent for which the defendant agreed to manufacture them and two dollars, the price which the assignor would have obtained from the Serbian government. It is undisputed, however, that the tent which the defendant agreed to sell to the Serbian government differed from the tent upon which its agreement with the assignor was based in some minor details, which concededly would increase the cost of manufacture. One of the questions before the referee was what this additional cost would be. The learned referee found, as we think, justifiably under the proofs, that the increased cost to manufacture was one and six-tenths cents per tent. Upon that basis the defendant was allowed one dollar and seventy-five and six-tenths cents upon each tent manufactured and delivered, instead of one dollar and seventy-four cents, the price at which the defendant agreed originally to manufacture each tent. The total number of tents actually delivered under the contract was 98,337, for which at one dollar and seventy-five and six-tenths cents per tent the defendant would be entitled to receive the sum of $172,679.77.

Coming now to the defendant's contention that the method adopted by the referee in computing the liability. of the defendant was erroneous, we find that the interlocutory judgment directed the defendant to account to the plaintiff " for all profits represented by the difference between the sum of $1.74 and the sum of $2.00 for each individual shelter half tent, earned by the defendant or which it received, or is or will be entitled to upon the performance of the contract entered into between the defendant and George Panagoulopoulos, dated December 11th, 1914, which contract was introduced in evidence in this action and marked Plaintiff's Exhibit 23, or any greater price to which the defendant may be found upon the accounting to have actually been or to be entitled to or to have received or to receive, less, however, the

actual cost to the defendant of such additional requirements for the manufacture of said tents, and none other and for no other requirements or conditions or agreements than were both provided for and furnished under and pursuant to said written agreement between the defendant and George Panagoulopoulos, dated December 11th, 1914, above the requirements called for in the memorandum of agreement between the defendant and A. B. Kirschbaum Company, introduced in evidence as Plaintiff's Exhibit No. 22."

The basis of plaintiff's recovery would thus in any event be the difference between one dollar and seventy-five and six-tenths cents per tent (*i. e.*, one dollar and seventy-four cents plus the additional cost of manufacture) and two dollars, or twenty-four and four-tenths cents per tent, which would have been the profit which the plaintiff's assignor would have made but for the defendant's wrongful acts. In the event, however, that it was found that the defendant became entitled to receive more than two dollars per tent, then the assignor would be entitled to receive an additional sum represented by the excess above the sum of two dollars.

In this connection it is important to take into consideration the " sixtieth " and " sixty-first " findings of fact of the Special Term which are as follows:

" 60. That the price mentioned in the said contract between the defendant and George Panagoulopoulos (Plaintiff's Exhibit 23) was $2.75 for each individual half tent, with the understanding subsequently confirmed by a memorandum to the effect that the actual price was to be $1.95.

" 61. That the said memorandum given by the defendant to the said Panagoulopoulos and made a part of the contract provided that the defendant would remit to Panagoulopoulos the difference between the contract price and $1.95 for each tent."

It is thus clear that the court found as matter of fact that the defendant was not entitled as between it and Panagoulopoulos to recover more than $1.95 per tent, which for 98,337 tents would entitle the defendant to receive the sum of $191,757.15. Of course, if the proofs upon the reference had established that as matter of fact the defendant was entitled to receive or in fact did receive more than $1.95 per tent, then the assignor would be entitled to receive the excess above $2 as heretofore indicated. As a matter of fact, the defendant received from the National Bank of Commerce, through which all payments were made, the sum of $205,463.29. It appears, however, that the original instructions given to the National Bank of Commerce were that the goods were to be shipped " C. I. F. Salonica " which meant that the cost, insurance and freight had to be prepaid, and hence it was necessary to submit

proof to the bank of the payment of insurance and freight before it paid over any money to the defendant. The evidence is that in order that the defendant might receive its payment it paid the sum of $12,014 for freight and insurance. This, defendant was not obligated to do under its contract, but it was the only way in which it could receive payment for the tents. Having paid these items which it was incumbent upon the Serbian government to pay, the defendant was entitled to reimburse itself for the amount thus advanced or expended in behalf of the vendee. It constituted in no sense a profit to the defendant. It was tantamount to making a payment to Panagoulopoulos on account under the contract with him for sums received by defendant over and above $1.95 per tent.

The referee found that the "defendant received $205,463.29 for the manufacture of ninety-eight thousand, three hundred and thirty-seven (98,337) tents under plaintiff's Exhibit 23, and that the actual cost to the defendant of such additional requirements for the manufacture of said tents above the requirements called for by plaintiff's Exhibits 21 and 22 was $.016 per tent which, added to $1.74 makes $1.756 per tent or $172,679.77 to which the defendant is entitled and the plaintiff is entitled to judgment for the difference or $32,785.52 together with interest thereon from the date of the receipt of said profits as provided for by the judgment herein, which would be August 19, 1915, the date of the receipt by the defendant from Panagoulopoulos of the last payment."

It seems to us that the learned referee was in error in finding that the sum of $205,463.29 represented the amount actually received by the defendant in payment for the tents, in view of the fact that the defendant was really entitled not only to payment for the tents delivered, but to reimbursement for the money advanced by it for insurance and freight to enable it to collect the amount due under the contract, to wit, $172,679.79. The sum of $32,785.52 should, therefore, be reduced by the sum of $12,014, leaving the sum of $20,769.52 for which the defendant should be charged as profit and to which plaintiff is entitled, together with interest thereon from August 19, 1915. We think in all other respects the report of the referee was properly confirmed.

The judgment, therefore, should be modified as above indicated and as modified affirmed, with costs to plaintiff.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment modified as indicated in opinion and as so modified affirmed, with costs to respondent. Settle order on notice.